UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL MARTINKA,
                       Plaintiff,

   - against -

GANNETT COMPANY, INC.
                       Defendant.

Docket No. _____

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Paul Martinka ("Martinka" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Gannett Company, Inc. ("Gannett" or "Defendant") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two copyrighted photographs of John Kasich eating pizza owned and registered by Martinka, a New York City based photojournalist. Accordingly, Martinka seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant resides in and/or are doing business in New York.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Martinka is a professional photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 593 Vanderbilt Avenue, Suite 151 Brooklyn, NY 11238.  Martinka's photographs have appeared in many publications around the United States.

6.      Upon information and belief, Gannett is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 7950 Jones Branch Drive, McLean, VA 22107. At all times material hereto, Gannett has owned and operated a website at the URL: www.Cincinnati.com (the "Website").

## STATEMENT OF FACTS

A.    **Background and Plaintiff's Ownership of the Photographs**

7.      On March 30, 2016, Martinka photographed GOP presidential candidate John Kasich eating pizza at Gino's Pizzeria and Restaurant in Queens (the "Photographs"). A true and correct copy of the Photographs are attached hereto as Exhibit A.

8.      Martinka then licensed the Photographs to The New York Post. On May 30, 2016, The New York Post ran an article that featured the Photographs on its web edition entitled *WTF is wrong with John Kasich?* See http://nypost.com/2016/03/30/john-kasich-wont-win-many-votes-eating-pizza-like-this/. Martinka's name was featured in a gutter credit identifying him as the photographer of the Photographs. A true and correct copy of the Photographs in the article is attached hereto as Exhibit B.

9.      Martinka is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyrights thereto.

10. The Photographs were registered with Copyright Office and were given Copyright Registration Number VA 2-008-605.

**B.    Defendant's Infringing Activities**

11. Upon information and belief, on or about May 2, 2016, Gannett ran an article on the Website entitled *Obama Makes Ultimate John Kasich Joke*. See http://www.cincinnati.com/story/news/politics/blogs/2016/05/02/obama-makes-ultimate-john-kasich-joke/83822348/. The article prominently featured the Photographs. A true and correct copy of the article is attached hereto as Exhibit C.

12. Gannett did not license the Photographs from Plaintiff for its article, nor did Gannett have Plaintiff's permission or consent to publish the Photographs on its Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST GANNETT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Gannett infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website. Gannett is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Gannett have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyrights and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Gannett be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

3. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

4. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

5. That Plaintiff be awarded pre-judgment interest; and

6. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 4, 2016

    LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Paul Martinka*